Filed 6/27/13  Janus Services v. Jovaag CA6

### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JANUS SERVICES LLC, | H038793 |
| Plaintiff, Cross-Defendant and Respondent, | (Santa Clara County Super. Ct. No. CV210782) |
| v. | |
| JORY A. JOVAAG, | |
| Defendant, Cross-Complainant and Appellant; | |
| DONALD OTT, | |
| Defendant, Cross-Defendant and Respondent; | |
| THE JENSEN LAW FIRM, | |
| Cross-Defendant and Respondent. | |

This appeal is one in a series of appeals brought by Jory Jovaag related to the termination of her 29-year purported common-law marriage to Donald Ott, and Ms. Jovaag's action against Mr. Ott over the division of the couple's jointly held property.[1]

_____

[1] *Jovaag v. Ott,* Santa Clara County Superior Court No. CV119884.

The present appeal is of the trial court's order granting Janus Services, LLC's (Janus) motion for mandatory fees and costs pursuant to Code of Civil Procedure section 425.16 following its successful special motion to strike ("anti-SLAPP" motion) against Ms. Jovaag. Ms. Jovaag, who is proceeding in propria persona, asserts on appeal that the trial court erred in awarding Janus fees and costs associated with its anti-SLAPP motion.

## STATEMENT OF THE CASE

The underlying action for division of Ms. Jovaag and Mr. Ott's jointly held property was tried in May 2011. The court ruled in favor of Mr. Ott, and issued an injunction freezing all of Ms. Jovaag's accounts. Ms. Jovaag and Mr. Ott appeared for a further hearing on the matter on May 16, 2011, and entered into a global settlement of all issues.

On June 16, 2011, Ms. Jovaag and Mr. Ott entered into a stipulation and order for the immediate transfer of Ms. Jovaag's $370,000 in securities held in the Janus account to Mr. Ott to partially fulfill the terms of the settlement agreement.

On June 30, 2011, the court entered judgment against Ms. Jovaag, and ordered her to pay Mr. Ott $967,800, with post-judgment interest in the amount of 10 percent per year. Ms. Jovaag did not transfer the funds as required under the settlement agreement.

On July 26, 2011, a writ of execution and notice of levy were forwarded to Janus, along with other investment account providers in the amount of $895,034.41.

In August 2011, the court denied Ms. Jovaag's claim of exemptions. Ms. Jovaag promptly filed a notice of appeal of the judgment with this court. On December 6, 2011, this court granted Mr. Ott's motion to dismiss Ms. Jovaag'a appeal. On January 4, 2012, this court denied Ms. Jovaag's motion to set-aside the dismissal of the appeal. The California Supreme Court denied Ms. Jovaag's petition for review on February 15, 2012, and this court issued the remittitur.

2

In October 2011, Janus filed a complaint for interpleader against Ms. Jovaag and Mr. Ott in superior court case No. CV210782. Janus liquidated funds in Ms. Jovaag and Mr. Ott's account and deposited them with the clerk of the court.

On December 2, 2011, Ms. Jovaag responded to the interpleader complaint by filing a cross-complaint against Janus, Mr. Ott and Daniel Jensen, Mr. Ott's attorney. The cross-complaint alleged a number of different causes of action, including breach of contract, negligence, fraud, intentional infliction of emotional distress, and misrepresentation.

On January 31, 2012, Janus filed an anti-SLAPP motion pursuant to Code of Civil Procedure section 425.16,[2] which the court granted on April 18, 2012, dismissing Ms. Jovaag's cross-complaint against Janus.

On June 1, 2012, Janus filed a motion for mandatory fees and costs pursuant to section 425.16. Ms. Jovaag opposed the motion. The court heard the motion on September 7, 2012, and ordered $15,009.00 in fees and costs to Janus for its successful litigation of the anti-SLAPP motion against Ms. Jovaag.

## DISCUSSION

On appeal, Ms. Jovaag asserts the court erred when it awarded Janus attorney fees for its successful anti-SLAPP motion. Specifically, Ms. Jovaag argues the court abused its discretion in awarding fees to Janus, because it did not consider her "substantial evidence" in making the fee award.

The anti-SLAPP statute requires an award of attorney fees to a prevailing defendant: "[I]n any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney fees and costs." (§ 425.16, subd. (c)(1); see also *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131 [attorney fees award to prevailing defendant on granting of anti-SLAPP motion is mandatory].) An

---

[2] All unspecified statutory references are to the Code of Civil Procedure.

3

appellate court reviews the amount of mandatory attorney fees awarded by the trial court to a defendant who successfully brings an anti-SLAPP motion for abuse of discretion. (*Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400, 1426.)

We review the trial court's determination of the appropriate fee for an abuse of discretion. (*Ketchum v. Moses, supra*, 24 Cal.4th at pp. 1130, 1134, 1138.) " '[T]he appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason.' [Citation.]" (*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 785.) We also recognize that "[t]he 'experienced trial judge is the best judge of the value of professional services rendered in his [or her] court, and while his [or her] judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong.' [Citations.]" (*Serrano v. Priest* (1977) 20 Cal.3d 25, 49 (*Serrano*).)

One of the fundamental rules of appellate review is that an appealed judgment is presumed to be correct. "All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) The appellant has the burden of overcoming the presumption of correctness. "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) These requirements apply with equal force to parties, like Ms. Jovaag, who represent themselves. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984.) "When a litigant is appearing in propria persona, he [or she] is entitled to the same, but no greater, consideration than other litigants and attorneys. [Citations.] Further, the in propria persona litigant is held to the same restrictive rules of procedure as an attorney [citation]." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638, fn. omitted.)

4

Here, Ms. Jovaag has elected to proceed with this appeal on a limited clerk's transcript; there is no reporter's transcript provided for the September 7, 2012 hearing during which the court ordered the fees. As a result, we must consider this appeal to be on the judgment roll. "In a judgment roll appeal based on a clerk's transcript, every presumption is in favor of the validity of the judgment and all facts consistent with its validity will be presumed to have existed. The sufficiency of the evidence is not open to review. The trial court's findings of fact and conclusions of law are presumed to be supported by substantial evidence and are binding on the appellate court, unless reversible error appears on the record." (*Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 924.)

Ms. Jovaag's arguments on appeal center on her belief that the court erred by failing to consider additional evidence, such as her disabled and indigent status as compared to Janus, at the hearing on the motion to for fees and costs. We cannot consider these arguments, because there is no record of the hearing to review to determine if such error occurred. Because error has not been affirmatively shown, the order is presumed correct, and will be affirmed. (*Denham v. Superior Court, supra*, 2 Cal.3d at p. 564.)

Moreover, to the extent Ms. Jovaag argues the court erred in ordering any fees in this case, she is incorrect. An award of fees and costs to a prevailing defendant such as Janus following a successful anti-SLAPP motion is mandatory. (*Ketchum v. Moses, supra*, 24 Cal.4th at p. 1130.) The court was required to order fees following the successful anti-SLAPP motion in this case, regardless of the comparative resources of the parties as Ms. Jovaag asserts the court should have considered.

The only question in this appeal is whether the court abused its discretion in the amount of the fees and costs awarded to Janus. Ms. Jovaag asserts the fee award was too high, and should be reduced by at least 30 percent because the documentation of the

5

attorney billing was inadequate, and Janus merely presented "off the shelf" pleadings. Ms. Jovaag presents only her opinion that the Janus attorneys overcharged for the work done. We defer to the trial judge in this case, who is best able to determine "the value of professional services rendered in his [or her] court," and while his [or her] judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong.' [Citations.]" (*Serrano, supra,* 20 Cal.3d at p. 49.) Since Ms. Jovaag has failed to establish that the attorney fees order was " 'clearly wrong,' " we will affirm the order. (*Ibid.*)

## DISPOSITION

The order appealed from is affirmed.


_____
RUSHING, P.J.


WE CONCUR:




_____
PREMO, J.




_____
ELIA, J.

6